# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) 16-MJ-4031 |
| JEFFREY PATTON, | ) |
| *Defendant* | ) |

**FILED FEB 24 2016 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>February 21, 2016</u>, in the county of <u>Monroe</u> in the Western District of New York, the defendant violated <u>21 & 18</u> U.S.C. §§ <u>841(a)(1) and 924(c)(1)</u>, an offense described as follows:

that on or about February 21, 2016, in the city of Rochester, Western District of New York, the defendant, Jeffrey PATTON was in violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute heroin, a Schedule I controlled substance) and Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime).

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

_____
*Complainant's signature*
SEAN MARTINECK, Special Agent,
Bureau of Alcohol, Tobacco, Firearms, and Explosives
*Printed name and title*

Sworn to before me and signed in my presence.

Date: <u>February 24, 2016</u>

_____
*Judge's signature*

City and State: <u>Rochester, New York</u>       Hon. Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JEFFREY PATTON,

              Defendant.

16-MJ- 4031

AFFIDAVIT

---

STATE OF NEW YORK  )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER  )

I, SEAN MARTINECK, affirm to the following facts:

1.    I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter ATF), and am assigned to the Rochester, New York Field Office. I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. I have been employed as an ATF Special Agent since 2001. I have been involved in, well over five hundred (500) firearms investigations, and well over five hundred (500) narcotics investigations. I am currently assigned to the Rochester Police Department's Violent Crime Team. Moreover, prior to becoming an ATF Agent, I was employed as a United State Probation Officer for approximately 4 years, where I handled numerous firearms and narcotics related cases.

## PURPOSE OF AFFIDAVIT

2. This affidavit is submitted in support of a criminal complaint charging Jeffrey PATTON with violations of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute heroin, a Schedule I controlled substance) and Title 18, United State Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). The assertions made herein are based upon my personal knowledge of this case and information I have received from this investigation, to include my direct participation, review of various police reports, and my discussions with other law enforcement officers involved with this investigation.

### February 21, 2016

### NYS Parole Investigation – 1205 Jay Street, Apartment #4, Rochester, NY

3. On February 21, 2016, at approximately 1:10 P.M., members of the New York State Department of Corrections and Community Supervision (Parole Officers and Investigators) were attempting to locate a parole absconder. Previously, investigators had obtained information that the parole absconder, Anthony Reynolds, may be staying at the apartments located at 1205 Jay Street, Rochester, New York. A GPS ankle monitoring device had also placed Reynolds near the location. Upon arrival, Parole Officers secured the perimeter and began to knock on various apartment doors.

4.      Upon knocking on the door of Apartment #4, an individual identified as Jeffrey PATTON answered the door. Parole Officer Corey Ricca advised PATTON they were looking for parolee Anthony Reynolds, and then showed PATTON a picture of Reynolds. PATTON advised he did not recognize Reynolds. Parole Officers then asked PATTON if they could look through the apartment for Reynolds. PATTON indicated that they could do so. While searching a bedroom (hereafter bedroom #2), Parole Officer John Ammerman observed a Hi Point, .380 caliber semi-automatic handgun laying on top of a white shirt on a dresser in plain view. After calling out for the presence of a firearm, PATTON was detained for officer safety purposes. No other individuals were located inside the residence. Upon pat frisking PATTON, Parole Officer Jose Garcia observed a number of small plastic zip-lock bags containing a powdered substance in the side pocket of PATTON's hooded sweatshirt. Based upon the observation of the gun and the baggies of suspected narcotics, Parole Officers secured the residence and summoned members of the Rochester Police Department (RPD) for further assistance.

## SEARCH WARRANT

5.      After arriving on scene and speaking with the NYS Parole Officers, RPD Investigator Mario Correia applied for a New York State search warrant for the premises. The warrant was signed by Rochester City Court Judge Victoria Argento. At approximately 5:16 P.M., officers executed this warrant. Police seized the following items inside the apartment:

3

    a. One (1) Hi Point, .380 caliber semi-automatic handgun, bearing serial number P8062181, loaded with six (6) rounds of ammunition, located on top of a white t-shirt on top of a dresser in bedroom #2;

    b. One (1) Femaru, P.MOD 37, Kal 7.65 (32 caliber) semi-automatic handgun, bearing serial number 279900, which was found in a kitchen cabinet drawer.

    c. Numerous new and unused baggies commonly used in the distribution of narcotics found in bedroom #3;

    d. Miscellaneous paperwork in the name Jeffrey PATTON;

    e. Miscellaneous paperwork in the name Leron Perkins and Chaniqua Akins;

    f. A BB gun which resembled a 9mm handgun in bedroom #2;

    g. Two (2) cellular telephones in bedroom #2;

    h. One (1) key which operated the front door to residence in bedroom #2;

    i. 58 baggies each containing a powdery substance, secured from the sweat shirt belonging to PATTON. The items tested positive for the presence of heroin, a Schedule I controlled substance.

6.    After the search warrant, PATTON was taken back to the Public Safety Building to be interviewed. PATTON was provided his Miranda warnings by RPD Investigator Kate Springer. He did not appear to be under the influence of alcohol or drugs. PATTON indicated he understood his rights and agreed to waive his rights and speak to

police at that time. PATTON provided the following information, in sum and substance, to RPD Investigators: PATTON advised police parole had come to the door looking for someone. PATTON stated he allowed parole officers to search the residence for that person. When parole entered PATTON stated he realized drugs were on the living room table so he quickly swept them up and placed them into his sweatshirt pocket. PATTON indicated that he lived at 1205 Jay Street with a person named "Twin" (who has been identified as Lamar Perkins), and that he moved in three weeks prior. PATTON originally admitted to selling the drugs "here and there" for "Twin", but later denied knowing who the drugs belonged to. PATTON advised he had no idea that the gun that the parole officers found was in the bedroom. However, PATTON did advise he was aware of and handled the gun found in the kitchen during the search warrant. PATTON stated that gun was the first line of defense, and was for protection. PATTON further elaborated that if someone were to enter the residence that was not invited, and see the gun, they may think twice. PATTON advised he had resided at the residence for the past 3 weeks, but only temporarily. (It should be noted that PATTON did not have a pistol permit for either gun.)

## CONCLUSION

7.      Based on the above information, I submit there is probable cause to believe that on or about February 21, 2016, in the city of Rochester, Western District of New York, the defendant, Jeffrey PATTON was in violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute heroin, a Schedule I controlled substance) and Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a

drug trafficking crime).

                                                SEAN MARTINECK  
                                                Special Agent, ATF  
                                                Bureau of Alcohol, Tobacco, Firearms,  
                                                and Explosives

Sworn to and subscribed to before me  
this 24 day of February, 2016 at Rochester, NY.

HON. MARIAN W. PAYSON  
United States Magistrate Judge

6